UNITED STATES *v.* BARTH FEINBERG, INC.

**No. 4967.**—Invoices dated Cremona, Italy, September 9, 1939, etc.
　　　　　Certified September 12, 1939, etc.
　　　　　Entered at New York, October 6, 1939, etc.
　　　　　Entry Nos. 736364, etc.

(Decided July 8, 1940)

*Webster J. Oliver*, Assistant Attorney General (*Daniel 1. Auster*, special attorney), for the plaintiff.
*Henry Feinberg*, the defendant.

CLINE, Judge: These two appeals for reappraisement were consolidated for trial. The merchandise under consideration consists of piano accordions shipped by Anelli Soc. An of Cremona, Italy, the invoices being certified on September 12, and October 10, 1939. The articles were invoiced at various unit values and were entered at the same values, plus cases and packing, and the merchandise was appraised at the entered values. The appeals for reappraisement were filed by the collector.

When the cases were called for trial, Mr. Henry Feinberg, the president of the importing firm, appeared for the defendant without counsel.

Counsel for the Government stated that the sole issue related to a commission of 7½ per centum which amount was paid by the importer to a person by the name of John L. Luellen as a selling commission, the contention being that the entered values should be increased by the addition of 7½ per centum, representing the commission. The correctness of the unit invoice values was not made an issue.

Mr. Feinberg admitted at the trial that Mr. Luellen had the sole agency for the merchandise in the United States and that all American purchasers pay him 7½ per centum of the invoice values in addition to the total value of the invoices.

An examination of the invoices shows that the goods are manufactured solely for export and that there is no local market for them in Italy.

I find (1) that the prices at which the piano accordions were freely offered for sale to customers in the United States at the time of exportation, in the usual wholesale quantities and in the ordinary course of trade, were the unit invoice, entered and appraised prices, plus cases and packing and plus 7½ per centum of such values and (2) that there were no foreign values for the goods.

I hold that the proper basis for appraisement is export value and that the export values of the merchandise at the time of shipment are the values as stated in finding 1. Judgment will be entered accordingly.